GLENN L. HENRY, Corporation Counsel, Dane County
You request my opinion relative to several questions involving an elected county executive in a county under 500,000 population.
Your first question is whether a county board has power to abolish the office of county executive after it has created such office.
I am of the opinion that it does not. The legislature could, however, empower a county board to do so by express legislation at some future date.
In 1969, Art. IV, sec. 23, Wis. Const., was amended to provide, first, that there be limited variance in the requirement for uniformity of county government and, second, that:
"* * *the legislature may provide for the election at large once in every 4 years of a chief executive officer in any county
with such powers of an administrative character as they may from time to time prescribe * * *." (Emphasis added.)
The section had previously only permitted a chief executive officer in counties of 500,000 or more population and such limiting language was deleted. *Page 323 
At the same time, Art. IV, sec. 23a, Wis. Const., relating to the veto power of chief executive officers, was amended to delete reference to counties having a population of 500,000 or more and, therefore, became applicable to any county having a chief executive officer.
On April 4, 1972, the electors approved amendment to Art. IV, sec. 23, Wis. Const., which deleted language requiring one system of county government which shall be as uniform as practicable, and added language authorizing the legislature to provide for "one or more systems of county government."
Senate Joint Resolution 58, Enrolled No. 32, 1969, and Senate Joint Resolution 4, Enrolled No. 13, 1971, which related to the proposed change from uniformity in county government and authorized submission of the amendment, by stated question, to the electors at the April, 1972, election, failed to recognizeboth of the changes in the section approved by the electors in April, 1969. (Also see Senate Joint Resolution 8, Enrolled No. 2, 1969.) While setting forth and providing for deletion of the limited variance language in the requirement of uniformity, the joint resolution showed the section as still including the language limiting a chief executive officer to counties having a population of over 500,000. No italics or other means were used to indicate a legislative intention to alter the change so recently approved by the electors in 1969 which permitted anycounty to have a chief executive officer. I conclude that inclusion of the limiting language was the result of oversight and indicates no intent on the part of the legislature or electors to alter the section in this regard. It is not amendatory language, but rather framing language neither necessary to nor directly related to the proposed amendment which had a single purpose, that being to remove the requirement of uniformity in county government. Article XII, sec. 1, Wis. Const., requires that amendments submitted to the electors be stated separately and set forth a single precise question. See 54 OAG 9, 13 (1965). That question, as prescribed in Senate Joint Resolution 4, Enrolled No. 13, 1971, provided that the amendment should be stated on the ballot, at the April, 1972, election, as follows: *Page 324 
"Shall section 23 of article IV of the constitution be amended to eliminate the requirement that there be but one system of county government, as uniform as practicable, (with administrative exceptions) and to substitute a requirement that the legislature establish one or more systems of county government?"
Pursuant to sec. 10.01 (2) (c), Stats., the explanatory statement on the ballot was stated:
"The constitution presently requires the legislature to establish but one system of county government, as nearly uniform as practicable, except that said uniformity requirement does not apply to the administrative means of exercising powers of a local legislative character conferred by the constitution on county boards. A `yes' vote on this amendment would remove these provisions and replace them with a requirement that the legislature establish one or more systems of county government. However, the constitution would continue to allow the legislature to make provision for a chief executive officer with veto power."
It is my opinion that the action of the legislature as approved by the electors did not amend Art. IV, sec. 23, Wis. Const., to limit a chief executive officer to counties over 500,000 population. Therefore, any county may elect to have such an officer.
I am advised that the Revisor of Statutes will authorize printing of Art. IV, sec. 23, Wis. Const., to provide in part:
"* * * but the legislature may provide for the election at large once in every 4 years of a chief executive officer in any county with such powers of an administrative character as they may from time to time prescribe in accordance with this section and shall establish one or more systems of county government."
Article XIII, sec. 9, Wis. Const., provides in part:
"All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct. * * * All other officers whose election or appointment is not provided *Page 325 
for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."
The legislature has provided for an elective county executive in counties under 500,000. Section 59.032 (1), Stats., provides:
"(1) ELECTION; TERM OF OFFICE. Counties having a population of less than 500,000 may by resolution of the county board or by petition and referendum create the office of county executive. The county executive shall be elected the same as a county executive is elected under s. 59.031, (1) for a term of 4 years commencing with the 1st spring election occurring at least 120 days after the creation of the office. Such petition and election shall follow the procedure provided for cities in s. 9.20 (1) to (6)."
The office which has a constitutional basis is optional and may be created under a statute which implements the constitutional provision.
In 59 OAG 1, 2 (1970), it was stated that the county board had power to abolish the office of county administrator:
"Generally, a county which is empowered by the legislature to create an office may, if unrestricted, abolish it. 42 Am. Jur., Public Officers, sec. 33, p. 905; 4 ALR 224, 172 ALR 1387. * * *"
Article IV, sec. 22, Wis. Const., provides:
"Powers of county boards. SECTION 22. Phe [The] legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
The creation or abolishment of an office is a legislative matter. Counties only have such powers as are expressly granted or necessarily implied and where the legislature has provided the county board with power to act in a given area, the board must act within the limits of the statute. The legislature, in sec.59.15 (2) (b), Stats., has expressly authorized county boards to abolish offices created under a statute. However, such power is restricted to nonelective offices and by enactment of sec. 59.15
(2) (b), the *Page 326 
legislature, by implication, has declined to delegate power to the county board to abolish an elective office created under a statute. It is also noted that while sec. 59.032, Stats., provides for the creation of the elective office, it does not provide for its abolition. If the legislature had intended the county board to have such power it would have been a simple matter for the legislature to provide the express means of exercising such power. The practical necessity for an express means of exercising such power is indicated by the veto power which the executive has as to resolution or ordinances. See sec. 59.032 (6), Stats.
Your second question is whether the county board can act by majority vote to abolish the office of county administrator.
It is my opinion that a majority vote of a quorum is all that is required. See sec. 59.02 (2), (3), Stats.
Neither sec. 59.033 nor 59.15 (2) (b), Stats., require a larger vote. Abolishment of an office is separate and distinct from removal from office referred to in sec. 59.033 (7), Stats. It is possible, however, depending on when the change from county administrator to county executive is to be made, that certain allied resolutions involving budget matters would require a two-thirds vote of the entire membership of the county board. See sec. 65.90 (5), Stats.
Your third question involves succession to the office of county executive in the event the elected executive is unable to serve because of mental or physical disease.
Whereas sec. 59.031 (8), Stats., provides for succession in such case in counties over 500,000 population, there is no similar provision in sec. 59.032, Stats., or other applicable statutes. See sec. 17.025, Stats., relating to temporary vacancies in specified state and judicial offices. Section 17.03
(6), Stats., does provide that a vacancy exists where there is a decision from a competent tribunal adjudging the office holder insane. In the case of disability from limited mental illness or physical disease, a vacancy would not exist absent removal for cause. It would be a matter for determination in each case whether there existed cause, which is defined in sec. 17.16 (2), Stats., as "inefficiency, neglect *Page 327 
of duty, official misconduct or malfeasance." Mental and physical disease may contribute to inefficiency or neglect of duty in certain cases.
Recall of county officers is provided for in Art. XIII, sec.12, Wis. Const., and sec. 9.10, Stats.
RWW:RJV